IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MATTHEW CARCANAGUE,<br><br>    Plaintiff,<br><br>    v.<br><br>DUPONT DE NEMOURS, INC., and MICHAEL POLLOCK,<br><br>    Defendants. | Civ. No. 19-18181 (RMB/AMD)<br><br>**MEMORANDUM OPINION & ORDER** |

**THIS MATTER** comes before the Court upon its own Order to Show Cause why this case should not be transferred to the District of Delaware. [Docket No. 10.] Defendants filed a letter brief in support of transfer on November 8, 2019. [Docket No. 13.] The same day, Plaintiff filed a letter brief opposing transfer. [Docket No. 14.] Defendants then filed a second letter brief, in response to Plaintiff's letter brief, on November 15, 2019. [Docket No. 15.] Plaintiff, too, filed a subsequent letter brief on November 22, 2019. [Docket No. 18.] Upon review of the parties' respective arguments regarding transfer, the Court finds this matter should be transferred to the United States District Court for the District of Delaware.

I.    **BACKGROUND**

Defendant Dupont de Nemours, Inc. ("DuPont") is a chemical company incorporated in Delaware and with its principal place of

business in Wilmington, Delaware. DuPont hired Plaintiff Matthew Carcanague as a mechanical engineer on June 18, 2008. Although Plaintiff lives in New Jersey and DuPont has locations in New Jersey, DuPont hired him to work at a station in Wilmington, Delaware. Plaintiff claims that he performed many work-related tasks at his home in New Jersey, in part, because he was often required to be "on-call" twenty-four hours per day. He concedes, however, that he was "formally assigned to the Delaware office" and that he was only permitted to perform "up to 20% of his job duties from his New Jersey home office." [Docket No. 14, at 4.] Importantly, he also concedes that he was only permitted to work from home until September 2016. [Id.] The alleged discriminatory events, including his termination from employment, occurred after September 2016, in Delaware. Meanwhile, Defendants argue that he "was responsible for supporting the utility engineering, distribution, and operations at various DuPont facilities, all of which are located in Delaware." [Docket No. 13, at 1.] They add that "he never traveled to the State of New Jersey in the exercise of his responsibilities." [Id. (emphasis in original).]

Prior to being hired by DuPont, in 2007, Plaintiff was diagnosed with HIV, the symptoms of which would sometimes flare up, causing Plaintiff to arrive to work late. Plaintiff alleges that he would always make up the time by working through lunch or staying late. Plaintiff also suffered from pinched nerves in

2

his neck, which too required him to be absent on certain days when he received treatment.

In March 2015, Plaintiff was placed on a Performance Improvement Plan ("PIP") due to issues with returning phone calls and text messages, being tardy to meetings, and failing to attend meetings. In approximately September 2016, Defendant Michael Pollock became Plaintiff's supervisor. Eventually, in January 2018, Plaintiff filed an application for intermittent leave and Pollock placed Plaintiff on another PIP, which raised concerns with Plaintiff's on-site attendance. Plaintiff was then placed on probation in May 2018, before his employment was terminated on June 26, 2018.

Plaintiff is now suing DuPont and Pollock for disability discrimination. As noted above, Defendants seek transfer to the District of Delaware.

**II.  LEGAL STANDARD & ANALYSIS**

Section 1404(a) of Title 28 of the United States Code provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the Third Circuit has written,

> In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties,

3

>convenience of witnesses, or interests of justice), and, indeed, commentators have called on courts to 'consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'"

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (quoting 15 Charles A. Wright et al., Federal Practice and Procedure: Jurisdiction and Related Matters § 3847 (2d ed. 1986)). The Third Circuit went on to categorize the various factors in terms of private interests and public interests. Id. This Court will address those factors in turn.

### A. Private Interest Factors

As delineated in Jumara, the Court must consider the following private interest factors when determining whether a § 1404(a) transfer is appropriate:

>plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. at 879 (internal citations omitted).

Here, the Court finds that the most important private interest to consider is the fact that "the claim arose elsewhere." This case stems from an employment relationship and

4

alleged discrimination that predominantly or entirely occurred in Delaware. While Plaintiff argues that the time he spent working from home means that the claim arose in both Delaware and New Jersey, he concedes that he performed at most 20% of his work while physically in New Jersey — though that work otherwise was completely unrelated to Defendants' business interests in New Jersey. [See Docket No. 14, at 4.] Moreover, he admits that he stopped working from home beginning in September 2016, after which time the alleged discrimination occurred. [Id.] This indicates that the alleged discrimination — which gives rise to this claim — occurred in Delaware. It may be true, as Plaintiff argues, that his "satisfactory performance" while working from home "is relevant to [his] argument that the reason for his termination was pretextual"; however, that argument does not equate to the claims arising in New Jersey. Therefore, for purposes of deciding whether to transfer this action, the Court finds that the claim arose in Delaware, which is the most compelling of the private interest factors in this case.

Generally, a plaintiff's choice of forum — here being New Jersey — is "a paramount consideration" to transfer determinations, Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970), and "should not be lightly disturbed." Jumara, 55 F.3d at 879. Here, however, Plaintiffs' choice of forum warrants less deference because the operative facts have only a

tangential connection to New Jersey. See, e.g., Goldstein v. MGM Grand Hotel & Casino, 2015 WL 9918414, at *2 (D.N.J. Nov. 5, 2015) ("[T]he plaintiff's choice of forum is discounted significantly where 'the case has little connection with the chosen forum,' and the nucleus of operative facts occurred elsewhere.") (quoting Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 227-28 (D.N.J. 1996)); Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd., 847 F. Supp. 1244, 1246 (D.N.J. 1994) ("[C]ourts assign the plaintiff's choice of forum significant weight unless the case has little connection with the chosen forum."). For the same reasons as explained above, the Court finds that this "case has little connection with the chosen forum" of New Jersey, and therefore affords little weight to that private interest.

Defendants' preference to transfer the case to Delaware revolves mostly around the same arguments addressed above, too. They also note that the case being transferred to Delaware would on the whole be convenient for nearly everybody involved, including themselves and any witnesses. While it might be slightly less convenient for Plaintiff, that minor inconvenience does little to change the Court's analysis, especially given the fact that Plaintiff commuted to Delaware to work most days for more than ten years while employed by DuPont.

In summary, primarily because of the fact that the events leading to this claim occurred predominantly, if not entirely, in Delaware, the Court finds that the private interest factors weigh in favor of transferring this case to the District of Delaware.

B.   **Public Interest Factors**

As set forth by the Third Circuit in <u>Jumara</u>, this Court must also consider the relevant public interest factors in relation to transfer, which include:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

<u>Jumara</u>, 55 F.3d at 879-80 (citations omitted).

The first factor — the enforceability of the judgment — is neutral. DuPont is present in both jurisdictions, so as a practical matter Plaintiff would not encounter any issues collecting a judgment in either jurisdiction. However, Defendant Pollock presents a compelling argument that this Court does not have personal jurisdiction over him. This argument is based on the facts outlined above — primarily that Plaintiff worked almost exclusively in Delaware, the alleged discrimination took place apparently entirely in Delaware, plus that Pollock has

7

virtually no connection whatsoever to New Jersey. Transfer avoids this issue; the Third Circuit has previously held that a court need not reach a conclusion regarding personal jurisdiction prior to effecting a § 1404(a) transfer of an action to another district court. See Allegheny Techs., Inc. v. Strecker, 2007 WL 852547, at *8 (W.D. Pa. Mar. 16, 2007) (citing United States v. Berkowitz, 328 F.2d 358 (3d Cir. 1964)); see also Lafferty v. St. Riel, 495 F.3d 72, 80 (3d Cir. 2007), as amended (July 19, 2007), as amended (Nov. 23, 2007) (noting that the Third Circuit has held "that a § 1404(a) transfer was available even though there was no personal jurisdiction").

Next, both the practical and administrative considerations weigh in favor of transfer to the District of Delaware. The District of New Jersey has federal judicial vacancies that the Judicial Conference of the United States has deemed "judicial emergencies." Conversely, the District of Delaware faces no such judicial emergency. Moving this case to the District of Delaware, which is closer to Defendants and would help resolve Defendants' jurisdictional concerns, is more likely to make trial easier, more expeditious, and/or less expensive.

The Court also considers the local interest in deciding local controversies at home, finding that this Court's interest is minimal. This Court's only connection to this matter is that Plaintiff apparently resided in New Jersey and sometimes worked

8

from home. Because the business he performed work for is based in Delaware, this would be a more a "local" controversy in Delaware. Given that Plaintiff's job was based in Delaware and that Pollock has a connection to Delaware, courts there would have a strong interest in adjudicating the dispute.

Additionally, since federal courts are generally well-equipped to apply the laws of other states and frequently do so in diversity cases, the Court finds that familiarity of the trial judge with applicable state law is a neutral factor in this instance.

### III. CONCLUSION

For the reasons set forth herein, this Court finds that the private and public interest factors weigh in favor of transfer. Therefore, the Court will transfer this matter to the District of Delaware, pursuant to 28 U.S.C. § 1404(a).

**ACCORDINGLY**, it is on this __**18th**__ day of __**December**__ __**2020**__, hereby

**ORDERED** that this case shall be **TRANSFERRED** to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 1404(a).

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE